Dear Senator Hinton
You have requested an opinion concerning post employment restrictions on employees of the Louisiana Economic Development and Gaming Corporation ("Casino Corporation"). Specifically you ask whether, in light of the Supreme Court decision requiring civil service status for employees of the Casino Corporation, an employee of the corporation may accept employment with the licensee of the official gaming establishment within two years after voluntary or involuntary termination.
For the reasons that follow, it is the opinion of this office that an employee of the Casino Corporation is prohibited by the Louisiana Economic Development and Gaming Corporation Act from accepting employment with the casino operator, a licensee, or a permittee for a period of two years after termination of service with the corporation.
La. R.S. 4:626 mandates standards of conduct for the board of directors and employees of the Casino Corporation. Subsection C directs the corporation to adopt a code of ethics for officers and employees. The statute provides as follows:
 A. Each member of the board shall file with the Commission on Ethics for Public Employees at the time of appointment, and annually thereafter, a financial disclosure statement listing all assets and liabilities, property and business interests, and sources of income of the member, the spouse of the member, and minor children of the member.
 B. Each employee of the corporation, except secretarial and clerical personnel, shall file with the Commission on Ethics for Public Employees, at the time of appointment or employment and annually thereafter, an affidavit affirming that the employee and the spouse of the employee do not have an economic interest in an applicant, licensee, or permittee.
 C. (1) The board shall adopt a code of ethics for officers and employees.
 (2) The board shall adopt a code of ethics concerning the corporation's specific needs.
 (3) Ethics codes adopted by the board shall include but not be limited to the Code of Ethics for Public Employees and shall contain the following:
 (a) A member or employee or agent of the corporation shall not be permitted to engage in gaming activities in an establishment licensed by the corporation, except in the course of the person's duties.
 (b) A member or employee shall not solicit or accept employment from the casino operator, a licensee, or permittee for a period of two years after termination of service with the corporation.
 (c) A member or employee shall not act in an official capacity in a matter concerning a licensee or a permittee who is the employer of a spouse, child, parent, or sibling, when such action might reasonable be expected to impair the objectivity of the person.
 (d) A spouse, child, parent, or sibling of a member shall not be employed by the casino operator, a licensee under this Chapter, or a holding, intermediary, or subsidiary company of a licensee.
 (e) A member or employee shall not have a direct or indirect interest in the gaming contractor, a licensee, or permittee, during the term of office or employment of the member or employee.
 (f) A member or employee shall not use the person's official authority for the purpose of affecting the result of an election or nomination for office; directly or indirectly coerce, attempt to coerce, command, or advise a person to pay, lend, or contribute anything of value to a party, a committee, an organization, an agency, or a person for political purposes; or take part in a political campaign or the management of a political campaign.
 (4) The following persons shall not pay, lend, or contribute anything of value to a political candidate, political organization, political party, or political action committee, the president, a member of the board, or a spouse or minor child of the president or a member.
 (5) (a) Except as provided in Subparagraph (e) of this Paragraph, a member of the board shall not acquire a direct or indirect economic interest in or be employed by a casino gaming contractor for a period of two years following the date the member's term expires.
 (b) Except as provided in Subparagraph (e) of the Paragraph, an employee of the corporation shall not acquire a direct or an indirect economic interest in or be employed by a casino gaming contractor for a period of two years following the termination of the person's employment with the corporation.
 (c) A member or a person employed by the corporation shall not represent a party other than the corporation before or against the corporation for a period of two years following the termination of the person's term or employment with the corporation.
 (d) A consultant or person under contract for services to the corporation may not represent a person other than the corporation before the corporation.
 (e) A former board member or employee is not prohibited following termination of the person's membership or employment, from acquiring an interest in, or soliciting or obtaining employment with a person involved in, a gaming operations service industry which is not a licensee or permittee.
 (6) A licensee or permittee shall not provide, transfer, or sell, or offer to provide, transfer, or sell, an interest in a license or permit to a person restricted from the transaction by this Chapter.
The statute directs the corporation to include provisions that an employee "shall not solicit or accept employment from the casino operator, a licensee, or permittee for a period of two years after termination of service with the corporation". La. R.S. 4:626(C)(3)(b). La. R.S. 4:626(C)(5)(b) provides that an employee shall not be employed by a casino gaming contractor for two years following termination of the person's employment with the corporation.
It is therefore the opinion of this office that an employee of the Casino Corporation is prohibited by the Louisiana Economic Development and Gaming Corporation Act from accepting employment with the casino operator, a licensee, or a permittee of the corporation for a period of two years after termination of service with the corporation, regardless of the reason for said termination.
I hope this opinion is of assistance to you and if we may be of further assistance, please advise us.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: E. BARTON CONRADI Assistant Attorney General Director, Gaming Division